IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RANDAL WALTER WRIGHT #02374131 | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv289 |
| JOHN JARVIS, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this lawsuit alleging various violations of his civil rights, and the Court has construed it as an action under 42 U.S.C. § 1983. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Plaintiff's Allegations and Relevant Background**

Plaintiff's original complaint was filed on the wrong form. (Dkt. #1.) Upon initial review, the Court further found that it was "fatally disorganized and fail[ed] to provide the factual information necessary to establish his claims." (Dkt. #7 at 1.) Accordingly, on July 10, 2023, the Court gave Plaintiff thirty days from receipt of the order in which to file an amended complaint. (*Id.* at 1–2.) The Court specifically instructed Plaintiff to "legibly explain in detail how and when his constitutional rights were allegedly violated, identify the defendants responsible for those violations, specify how each defendant personally violated his constitutional rights, explain how he was harmed or injured by those violations, and clearly state the relief he seeks." (*Id.* at 2.)

Plaintiff's amended complaint is largely incoherent, presented in handwriting that is at times on the margins of the form, sideways, or upside down. (Dkt. #9.) As Defendants, he appears

to name a state court judge, multiple attorneys, an employee at the Smith County Courthouse, the TDCJ, and an unknown transportation officer. The entirety of his statement of claim, not including his jumbled and illegible margin notations, reads as follows: "All of my rights due trial by jurror [sic] cohersed [sic] by court appointed lawyer to go to open plea said it would be faster!" (Dkt. #9 at 4.) For relief, he seeks "a fair trial and [his] D.W.I. cases investigated properly." (*Id.*)

Publicly available records of the TDCJ establish that Plaintiff is serving a 40-year sentence imposed in Smith County on November 10, 2021, for his third or greater D.W.I. conviction. *See* Inmate Information Details for Wright, Walter Randal, available at https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=03669019 (last visited Aug. 25, 2023).

## II. Legal Standards and Preliminary Screening

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity. His complaint is thus subject to preliminary screening pursuant to 28 U.S.C. § 1915A(b), which requires *sua sponte* dismissal of a complaint if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County,*

*Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

3

**III. Discussion and Analysis**

Aside from the myriad other problems with Plaintiff's pleading, it is clear that his claims directly challenge the validity of his criminal conviction and are, therefore, not cognizable in a Section 1983 action. In *Wilkinson v. Dotson,* 544 U.S. 74, 78–82 (2005), the Supreme Court reviewed *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny. It explained that, under *Heck*, "a state prisoner's section 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82. The *Dotson* Court emphasized that habeas corpus is the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81. Plaintiff's claims are thus barred by *Heck* as long as his conviction stands.

Ordinarily, dismissal of a claim as barred by *Heck* and *Dotson* is without prejudice to a plaintiff's ability to re-file his Section 1983 claim if and when he succeeds in having his conviction overturned or invalidated through proper means. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) ("Because these dismissals do not put a defendant to the task of preparing for trial unnecessarily, or inflict other undue prejudice, they do not preclude a later claim meeting the preconditions for suit. A preferred order of dismissal would read: Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.")

**IV. Conclusion**

For the reasons set forth above, Plaintiff's claim is barred by *Heck* and must be dismissed for failure to state a claim on that basis. *See Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) ("We have routinely characterized a *Heck* dismissal as one for failure to state a claim[.]").

RECOMMENDATION

Accordingly, the undersigned recommends that this action be dismissed as barred by *Heck*, and thus for failure to state a claim for which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). This dismissal should be without prejudice to Plaintiff's ability to refile his lawsuit if and when he succeeds in overturning his criminal conviction through state remedies or federal habeas proceedings.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 26th day of August, 2023.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE